BECKY K. KAAI *vs.* W. M. MAHUKA *et al.*

APPEAL FROM DECISION OF THE CHANCELLOR.

APRIL TERM, 1885.

JUDD, C. J.; McCULLY AND AUSTIN, JJ.

Proceedings before the Land Commission cannot now be re-examined; approving *Kukiiahu vs. Gill*, 1 Hawn., 54, and *Bishop vs. Namakalaa*, 2 Hawn., 238.

Land Commission Award 721 is headed "Mahuka and Kaai," but the land is awarded to "Mahuka;" held there is no trust in Mahuka in favor of Kaai.

Decree of the Chancellor, dismissing bill, affirmed.

OPINION OF THE FULL COURT.

THE law in this case, respecting the examination of proceedings before the Land Commission, has been placed by this Court, in the cases of *Kukiiahu vs. Gill*, 1 Hawn., 54, and *Bishop vs. Namakalaa*, 2 Hawn., 238, on a foundation which cannot be disturbed. Every year which passes increases the force of the reason which demands that the adjudications of the Land Commission be not now re-examined.

No evidence is offered in the case before us which justifies us in relaxing this rule. The law and the facts are amply set forth in the opinion of the Chancellor, which we affirm, herewith subjoined.

The decree is affirmed.

*S. B. Dole*, for plaintiff.

*E. Preston*, for defendant.

Honolulu, May 23, 1885.

OPINION OF CHANCELLOR JUDD, APPEALED FROM.

This is a bill in equity to declare a trust.

It appears that in 1847, one Mathuselah Mahuka petitioned the Land Commission for an award to him of a house lot in Honolulu, lying between King and Merchant streets, east of Fort

street. The Commission took evidence, and awarded the land to him by award No. 721. The heading of the award is "Mahuka and Kaai," but the land is awarded to "Mahuka."

In 1849 the land was appraised to ascertain the amount to be paid in commutation of the Government rights therein. The written report of the appraisers designates the land as "Mahuka's house lot." A resolution of the Privy Council of that year is produced, fixing the Government commutation at $50, speaking of the land as Mahuka's; and on the 20th of November, 1849, the King signed a Royal Patent for this lot to Mahuka, his heirs and assigns.

It is in evidence that Mahuka used it as a residence, having several houses upon it, and later bought the adjoining lot, on which was a large house, and he then threw the two places into one, and continued to use the lot as a residence. He died in 1881, and the defendant is his son and heir.

It also appears that Mahuka had a brother named Kaai, who died in 1859, and left a son named Simon K. Kaai, who died in 1884, leaving the plaintiff, his widow and sole devisee. It is in evidence that Kaai, senior, came from Waikapu and lived on this lot for a few years with his brother Mahuka, until he was taken to live as a servant with Prince Lunalilo, at Pohukaina, now a part of the Palace premises. His son Simon lived some of the time on this lot, but his residence was mainly at the Fort, and later at Oahu Prison, where he was under-jailer. After this he removed to Kona, Hawaii, and the latter part of his life was spent at his residence at Kapalama. While a member of the Legislature in 1874-6 he lived, while the session lasted, on the premises in question, and was accustomed to entertain his fellow Representatives there. There is no evidence that Kaai senior ever claimed an interest in this land from Mahuka, nor did Simon claim it during Mahuka's life time. After Mahuka's death he was appointed administrator, and told the widow that he had an interest in the land. In 1883 he included an undivided half interest in this land in a mortgage.

There was introduced in evidence, contrary to the objections of counsel for defendant, the evidence before the Land Commission. It is as follows:

"Claim 721, Mahuka, February 14.

"Hoomeapule sworn: This place is in Honolulu, bounded Waikiki side by Kalaimoku's land ; mauka by Broadway ; Ewa by lot of S. Reynolds, got from Swinton ; makai by Merchant street. It is inclosed, with five houses. Claimant lives there, and all living on it are under him. His father and uncle (Malawai and Keau) occupied it in the time of Kamehameha I. When they died it fell to claimant, with his brother and sister, who is now dead.

"John Hall sworn: "I know this place, and the bounds are the same as those described. (Claimant admits his brother Kaai to have equal rights.) I do not know of any counter claim or other claimant than Kaai, claimant's brother."

It is urged that the Land Commission was a court of competent jurisdiction, and that the evidence upon which this judgment was based cannot be introduced to controvert their judgment. Soon after the dissolution of this Commission, the Supreme Court admitted the evidence taken before the Commission to show that the award as recorded was not the same as agreed upon by the Commission, and that the clerk had made an error in recording the judgment of the Commission. "The record of the Land Commission," say the Court, "was admitted for the purpose of corroborating the evidence of error in the record, or error in the transcript." This was in the case of *Bishop vs. Namakalaa*, reported in 2 Hawn., 238, decided in 1860, only nine years after the adjudication of the Land Commission.

I cannot go any farther than this. During the twenty-five years that have elapsed since the date of that decision, all the members of the Commission have died, and the reasons grow stronger from day to day why the awards of the Land Commission should be treated as final.

One thing is clear, the land was awarded in the body of the award to Mahuka alone. The land was treated as his by the appraisers and by the Privy Council. He held it under a Royal Patent from 1849 to 1881, thirty-two years, as its undisputed owner. The fact that the evidence before the Commission shows that Kaai senior, his brother, had, if he chose to insist upon it, a right to have his name inserted in the award as a tenant in com-

mon with his brother Mahuka, is not sufficient to raise a trust in Mahuka for him. He may have, for all we know, relinquished his claim by an unrecorded deed now lost. It is to be presumed that he was aware of the award to Mahuka alone, and that he consented to it. His whole conduct, and that of his son and heir Simon, is in accord with this view. The occasional use of this lot as a residence by Simon is fully accounted for, in my opinion, by the relationship of nephew which he sustained to Mahuka, and which, among Hawaiians, would weigh for a great deal.

The heading of the award is to Mahuka and Kaai, but it is a mere heading, and the tenor of the award throughout contradicts it.

On a careful review of the case, I think the bill should be dismissed.

Honolulu, April 24, 1885.